IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WESLEY PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 2:12-cv-04033-JEO |
| | ) |
| MOZES, INC.; THE COCA-COLA COMPANY; and EPRIZE, INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS MOZES, INC., THE COCA-COLA COMPANY,
AND EPRIZE INC.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE
TESTIMONY OFFERED BY PLAINTIFF'S PROPOSED
<u>EXPERT WITNESS, RANDALL A. SNYDER</u>**

Robert J. Campbell
BRADLEY ARANT BOULT
CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104
(205) 521-8975

*Attorneys for defendant Mozes, Inc.*

James S. Witcher III
HAND ARENDALL LLC
1200 Park Place Tower
2001 Park Place North
Birmingham, AL 35203
(205) 502-0113

*Attorneys for defendant ePrize, Inc.*

Harlan I. Prater, IV
Wesley B. Gilchrist
Brooke G. Malcom
LIGHTFOOT FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203-3200
(205) 581-0720

*Attorneys for defendant
The Coca-Cola Company*

## INTRODUCTION

Plaintiff's argument that the Court should accept the opinions offered by his putative expert, Randall A. Snyder, rests on two faulty premises: (1) Snyder is generally qualified in "wireless communication" based on work experience over a decade ago, and (2) absent ironclad evidence that an expert has no qualifications of any kind, virtually every challenge to expert testimony is a jury question. These premises are irreconcilable with Eleventh Circuit law and fall short of meeting Plaintiff's burden of demonstrating that Snyder's opinions are admissible.

Expert opinion testimony is inadmissible unless (1) the expert is qualified; (2) the opinions are based on a reliable methodology; and (3) the expert's testimony is helpful because it is based on specialized expertise. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). Snyder's testimony does not meet any of these criteria: (1) he has no experience with the MozesConnect system at issue here, (2) he fails to explain any methodology he used, and (3) he admittedly relied on assumptions and inferences rather than learning the facts specific to this case. As a result, Snyder provides opinions that are misleading, irrelevant, unsubstantiated, or some combination of all three, and should be excluded.

## ARGUMENT

Courts exclude expert testimony that fails any prong of the "rigorous three-part inquiry" set forth in *Frazier*. *See McClain v. Metabolife Int'l, Inc.*, 401 F.3d

1

1233, 1245 (11th Cir. 2005) ("[A]ny step that renders the analysis unreliable ... renders the expert's testimony inadmissible."). Snyder's opinions fail all three. After conducting the required "exacting analysis of the *foundations* of [Snyder's purported] expert opinions," this Court should conclude that they do not "meet the standards for admissibility under Rule 702" and should be excluded. *See Frazier*, 387 F.3d at 1260 (internal quotations omitted, emphasis in original).

## I. Snyder's "Capture" Analogy and Imprecise Use of the Term Are Misleading and Unhelpful and, Therefore, Should Be Excluded.

Snyder opines that Defendants "captured" Plaintiff's mobile phone number when he texted them. Plaintiff contends that this opinion is admissible because Snyder has sufficient experience with outdated technology—not at issue in this case—to analogize between "wireless and wireline networks." Doc. 99, p. 8. Plaintiff is wrong. Not only is Snyder's experience with obsolete technology inadequate to support his opinions about "capture," those opinions, as deployed by Plaintiff, are misleading and unhelpful.

Snyder admits that he is unqualified to opine about whether Plaintiff consented to receive text messages. This concession is not, as Plaintiff contends, a "red herring"—it is a fatal flaw in his testimony. Doc. 99, p. 6. Plaintiff's argument that Defendants lacked "consent" to respond to his text messages—notwithstanding his admission that he knew he was providing his mobile number to Defendants—is improperly based on Snyder's testimony that Defendants

2

"captured" Plaintiff's phone number. Doc. 99, p. 6. In Plaintiff's formulation, "capture" equals lack of consent. Snyder, however, did not use "capture" that way. On the contrary, Snyder's use of the term did not encompass the concept of consent in *any* way. Ex. 17, ¶126:4-14. Indeed, Snyder admitted that a number could be "captured" in a manner that does not violate the TCPA. *Id.* ¶129:2-9 ("Q: So there are situations in which a number is captured via text message that are not in violation of any standard, correct? A: Correct. Q: And that would include situations in which the capturing of the number would not be a violation of the TCPA, right? A: Correct.").

Because Snyder did not (and could not) offer an opinion that "capture equals lack of consent," Plaintiff tries to expand Snyder's generic use of "capture" to fit his purposes. Plaintiff's reliance on Snyder's admittedly imprecise use of the term "capture" renders his opinion on that issue misleading, unhelpful, and inadmissible. *See Frazier*, 387 F.3d at 1265 (excluding expert testimony that used the term "expect" because the "imprecise opinion easily could serve to confuse").

Even if Snyder's "capture" opinion was not misleading, it is inadmissible because he is not qualified to offer it. Plaintiff contends Snyder has sufficient expertise to opine that Defendants "captured" Plaintiff's mobile number because almost 15 years ago he founded a mobile messaging company. Snyder admitted, however, that his former company's technology is different from the technology

3

used by the MozesConnect system. Ex. 17, ¶27:9-11.[1] He even characterized that technology as "old" and admitted that it did not evolve every year. *Id.* ¶¶38:10-14, 27:15-17. On the other hand, Snyder acknowledged that the technology used by the MozesConnect system "was added long after the short message service standard communications protocols were developed" and uses a newer standard that is "not really part of the overall SMS standards" that Snyder purports to be an expert in. *Id.* ¶134:18-135:23. Further, Snyder has never analyzed the MozesConnect system or a similar in-venue promotional system, *id.* ¶218:3-14, perhaps because he cannot analyze the code. *Id.* ¶20:21-22:16.

Plaintiff also contends that Snyder is qualified to offer his "capture" opinion based on his role in developing text message technology standards. Snyder testified that he developed Interim Standard 93, but he did not state that it has anything to do with the process by which messages are received. *Id.* ¶57:15-59:12. Furthermore, Snyder developed these standards nearly 20 years ago. Ex. 16, pp. 38-39. As a result, this work does not inform Snyder's understanding of how the MozesConnect system processed the information from Plaintiff's text message in 2011 and whether it captured his phone number without his consent.

---

[1] Snyder testified that m-Qube technology was not a mobile aggregator like Mobile Messenger, but Mobile Messenger was the intermediary technology that Defendants used to send and receive text messages for the MozesConnect system. Snyder is not an expert on that system.

4

Tellingly, Snyder fails to explain any reliable methodology that he used to reach his opinions. This is because he did not use one. Instead he simply assumed that text message technology always "captures" the sender's phone number. Ex. 17, ¶127:17-20. Snyder attempts to analogize the manner in which numbers are captured using wireline technology to the manner in which numbers are transmitted with text messages, *see* Doc. 91, p. 9,[2] but he does not explain the basis for that analogy, which is contrary to the record evidence. Ex. 14, pp. 13-16, ¶24. Other district courts have rejected this theory by holding that a sender of a text message provides his phone number and, thus, consents to receive a response via text message under the 1992 FCC Order. *See Emanuel v. Los Angeles Lakers, Inc.*, No. CV 12-9936-GW SHX, 2013 WL 1719035, at *3 (C.D. Cal. Apr. 18, 2013); *Ibey v. Taco Bell Corp.*, No. 12-CV-0583-H WVG, 2012 WL 2401972, at *3 (S.D. Cal. June 18, 2012). Moreover, an analogy is not a substitute for a reliable methodology. *See McClain*, 401 F.3d at 1245 (expert's analogy excluded for failing to explain his methodology). Snyder's uninformed and unreliable opinions about the MozesConnect system's functions are therefore inadmissible.

---

[2] Plaintiff relies on Snyder's statement that text messages automatically append the sender's phone number to the message data as "completely analogous to, and essentially the same as, the way Caller Id operates for voice calls."

## II. Snyder Cannot Present Irrelevant Lay Opinions Regarding the MMA Best Practices Under the Guise of Expert Testimony.

Snyder has opined that Defendants' text messages did not comply with the MMA Best Practices. But, Snyder is not qualified to offer this opinion. Further, even if Snyder could helpfully opine on the MMA Best Practices, his opinions would be irrelevant because the MMA Best Practices are irrelevant. Doc. 95, pp. 8-9. The fact that the MMA Best Practices "have no legal force and do not control compliance under the TCPA" is *not*, as Plaintiff asserts, "a potential topic for cross-examination." Doc. 99, p. 8. It is an issue of law about which Snyder cannot offer admissible testimony. *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990). Thus, any opinions Snyder offers on this legal issue are irrelevant and inadmissible.

Nevertheless, Plaintiff argues for the admission of Snyder's opinion regarding the MMA Best Practices, despite Snyder's admission that he has no experience, education, or training with or about the MozesConnect system. Ex. 17, ¶226:04-228:19. Notwithstanding these glaring weaknesses, Plaintiff contends Snyder is an expert on application of the MMA Best Practices simply because Snyder founded a company that later founded the MMA. Doc. 99, p. 8. To be clear, Snyder had nothing to do with drafting the MMA Best Practices,[3] but Plaintiff

---

[3] Snyder admitted that someone else at m-Qube was in charge of the MMA. Ex. 17, ¶63:16-64:7. While Snyder was at "the initial meetings the first several months", *id.* ¶64:5-7, he could not articulate which, if any, of his work product was actually incorporated into the MMA Best

6

contends that Snyder is qualified to offer expert opinion about application of a publication he did not draft to technology with which he has no experience.[4]

Plaintiff cites *Kopf v. Skyrm*, 993 F.2d 374 (4th Cir. 1993), for the proposition that Snyder's "practical experience" enables him to assist the trier of fact with understanding the MMA Best Practices. Doc. 99, p. 9. Snyder oversteps this role, though, by offering an uninformed and inadmissible conclusion on whether Defendants' system "complied" with the Best Practices. Ex. 16, p. 31, ¶94. Moreover, Plaintiff overstates the holding of *Kopf v. Skyrm*, 993 F.2d 374 (4th Cir. 1993), where the court held that the admissibility of expert testimony turns on the "facts of every case" and requires analyzing the "line between common and specialized knowledge." *Id.* at 378-79.

"Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." *Frazier*, 387 F.3d at 1262-63. Snyder's unsubstantiated opinion, untethered to the specific facts of this case, is no more helpful than a lawyer's closing argument. *See* Doc. 95, pp. 9-10. Absent any expert insights into the MMA

---

practices, *id.* ¶64:14-23, and, when asked directly, he admitted that he did not draft the publication. *Id.* ¶220:19-221:7.

[4] Plaintiff asserts that Snyder's ignorance about the MozesConnect system is not an impediment to offering his opinion. Doc. 99, p. 9. But the issue is whether Snyder can expertly opine that Defendants did not comply with the Best Practices when they used the MozesConnect system. There is no way for Snyder to do so given his total lack of knowledge about that system. Snyder himself admitted that he based his opinions on this case "solely" on his reading of the MMA Best Practices. Ex. 17, ¶221:8-14. Such testimony is unhelpful and inadmissible.

7

Best Practices beyond what the words plainly say, or any expert knowledge about the MozesConnect system, Snyder has nothing helpful to offer the Court about Defendants' compliance with the MMA Best Practices. *See United States v. Kupau*, 781 F.2d 740, 745 (9th Cir. 1986) (excluded expert testimony offered to explain non-technical terms because it "would have confused, not assisted, the jury."). His opinion, therefore, should be excluded.

### III. Snyder's Assumption That the MozesConnect System Is an ATDS Should Be Excluded.

Defendants do not "concede" that Snyder has an "overall qualification" to opine that MozesConnect is an ATDS. Doc. 99, p. 10. There is no such thing as "overall" expert testimony. Any specific expert opinion must satisfy the requirements set forth in *Frazier*, and Snyder's opinion that MozesConnect is an ATDS does not meet those requirements.

Snyder cannot opine that the MozesConnect system used to send messages to Plaintiff in November 2011 was an ATDS because Snyder admittedly knows nothing about MozesConnect. Given that he did not even review the deposition of Mozes's corporate representative, Ex. 17, ¶12:6-8, he also showed something less than the "extraordinary[] dedicat[ion]" to this case than Plaintiff claims. Doc. 99, p. 4. Plaintiff's arguments that the deposition would not have assisted Snyder, and that Snyder was otherwise "unable to review certain facts" about MozesConnect because of Mozes's purported refusal to disclose those facts, are wrong. Mr. Porter

8

provided a step-by-step explanation of the MozesConnect system during his deposition. *See e.g.* Ex. 1, ¶¶37:1-44:22, 72:1-80:17, 85:25-95:4.

Moreover, Plaintiff's argument is irrelevant. Regardless of *why* Snyder did not learn the facts necessary to support his opinion, he did not learn them, which means his opinions are unsubstantiated. *Lebron v. Sec'y of Fla. Dep't of Children & Families*, 772 F.3d 1352, 1369 (11th Cir. 2014) (excluding opinions developed "expressly for the purposes of testifying" that were based on "general expertise").

Given the absence of a sufficient factual foundation, Snyder's reliance on "standard forensic methodology" to form his opinions is not sufficient. Doc. 99, p. 11. The decision in *Trilink Saw Chain, LLC v. Blount, Inc.*, 583 F. Supp. 2d 1293 (N.D. Ga. 2008), does not support Plaintiff's argument, where the court *excluded* all of the specialized opinions offered by the putative expert that were outside of the scope of the expert's qualifications. *Id.* at 1305-08.

Finally, Plaintiff's argument that Snyder is qualified to offer specific expert opinions in this case because the Ninth Circuit ostensibly "recognized Mr. Snyder's status as an expert in wireless communication" fares no better. Doc. 99, p. 4. Past experience as a testifying expert does not qualify Snyder as an expert on the different technology at issue here. *Beam v. McNeilus Truck & Mfg., Inc.*, 697 F. Supp. 2d 1267, 1277 (N.D. Ala. 2010). Not only that, the Ninth Circuit did not "recognize Mr. Snyder's status as an expert" about *anything*. In another TCPA

9

case where the plaintiff made the same unsupportable assertion, the district court unequivocally stated that "[t]his citation to *Satterfield* is deceptive. The Ninth Circuit, in *Satterfield,* quoted Mr. Snyder's report only to recount his opinions, which were in dispute . . . The court did not adopt Mr. Snyder's views." *Dominguez v. Yahoo!, Inc.*, 8 F. Supp. 3d 637, 643 n.6 (E.D. Pa. 2014), *remanded on other grounds Dominguez v. Yahoo, Inc.*, 629 F. App'x 369 (3d Cir. 2015).

Defendants do not dispute that Snyder has experience in the mobile marketing industry, but this is "by no means a guarantor of reliability." *Frazier*, 387 F.3d at 1261. To be reliable, an expert must apply an accepted methodology to the facts of the case. *Id.* Snyder did not apply a methodology here because, as he admitted, key facts were missing from his analysis of the MozesConnect system. *See,* Doc. 95, p. 12. To fill the gaps, he relied on an inadmissible and outdated webpage, rather than system data. Ex. 17, ¶29:1-5.[5] That is not the basis of reliable, admissible expert testimony. Snyder's opinions should be excluded.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court grant Defendants' motion to exclude Plaintiff's expert testimony.

Respectfully submitted, this 24th day of June, 2016.

---

[5] "Q: So you're saying that this HelloWorld Product Overview is part of what you relied on in rendering an opinion as to the Mozes Connect [sic] system's operability on November 5, 2011; is that correct? A: Yes."; *see also* Ex. 17, ¶26:7-17.

| | |
|---|---|
| /s/ Robert J. Campbell<br>Robert J. Campbell<br>BRADLEY ARANT BOULT<br>CUMMINGS LLP<br>One Federal Place<br>1819 Fifth Avenue North<br>Birmingham, Alabama 35203-2104<br>(205) 521-8975<br>(205) 521-6975 (facsimile) | /s/ Harlan I. Prater, IV<br>Harlan I. Prater, IV<br>Wesley B. Gilchrist<br>Brooke G. Malcom<br>LIGHTFOOT FRANKLIN & WHITE LLC<br>The Clark Building<br>400 20th Street North<br>Birmingham, Alabama 35203-3200<br>(205) 581-0720<br>(205) 380-9120 (facsimile) |
| Blaine Kimrey (*pro hac vice*)<br>Bryan Clark (*pro hac vice*)<br>VEDDER PRICE PC<br>222 N. LaSalle Street<br>Chicago, Illinois 60601<br>(312) 609-7865<br>(312) 609-5005 (facsimile)<br><br>*Attorneys for defendant Mozes, Inc.* | L. Joseph Loveland (*pro hac vice*)<br>S. Stewart Haskins (*pro hac vice*)<br>Zachary A. McEntyre (*pro hac vice*)<br>KING & SPALDING LLP<br>1180 Peachtree Street, NE<br>Atlanta, Georgia 30309<br>(404) 572-4600<br>(404) 572-5139 (facsimile)<br><br>*Attorneys for defendant<br>The Coca-Cola Company* |
| /s/ James S. Witcher III<br>James S. Witcher III<br>HAND ARENDALL LLC<br>1200 Park Place Tower<br>2001 Park Place North<br>Birmingham, AL 35203<br>(205) 502-0113 | |

11

(205) 397-1314 (facsimile)

Henry Pietrkowski (*pro hac vice*)
REED SMITH LLP
10 S. Wacker Dr., 40th Floor
Chicago, IL 60606
(312) 207-3904
(312) 207-6400 (facsimile)

*Attorneys for defendant ePrize, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2016, I electronically filed the foregoing **DEFENDANTS MOZES, INC., THE COCA-COLA COMPANY, AND EPRIZE INC.'S REPLY IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OFFERED BY PLAINTIFF'S PROPOSED EXPERT WITNESS, RANDALL A. SNYDER** with the Clerk of Court using the CM/ECF System which will send an electronic notification of such filing to the following counsel of record:

> David L. Selby, II
> John W. Barrett
> Jonathan R. Marshall
> BAILEY & GLASSER, LLP
> One Chase Corporate Center, Suite 400
> Birmingham, Alabama 35244
>
> Ronald A. Marron (*pro hac vice*)
> Alexis M. Wood (*pro hac vice*)
> LAW OFFICES OF RONALD A MARRON
> 651 Arroyo Drive
> San Diego, CA 92103
> 619-696-9006

/s/ *Harlan I. Prater, IV*
OF COUNSEL

13